# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

March 6, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DAVID WALKER,**
**Claimant Below, Petitioner**

**vs.)    No. 11-0766**  (BOR Appeal No. 2045140)
                    (Claim No. 2010099033)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**MAXIM CRANE WORKS,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner David Walker, by Patrick Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Maxim Crane Works, by Denise Pentino and Aimee Stern, its attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 6, 2011, in which the Board affirmed a September 14, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 3, 2009, decision closing the claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Walker injured his lower back on July 9, 2009, while employed as a general laborer with Maxim Crane Works. On July 15, 2009, the claim was held compensable for low back strain, and on August 3, 2009, the claims administrator closed the claim for temporary total disability benefits based on a finding that medical evidence had not been received demonstrating that Mr. Walker continued to be temporarily and totally disabled, and also based on a finding that Mr. Walker retired on July 29, 2009. In its Order affirming the August 3, 2009, claims administrator's decision, the Office of Judges held that the claim was properly closed for temporary total disability benefits because Mr. Walker's voluntary retirement, effective August 1, 2009, is not a result of the compensable injury. Mr. Walker disputes this finding and asserts that he retired as a result of multiple work-related injuries, and therefore is entitled to temporary total disability benefits until October 13, 2009, at which time Dr. Mukkamala found him to be at maximum medical improvement.

The Office of Judges relied on West Virginia Code of State Rules § 85-1-5.2 (2009), which states:

> If an individual retires, as long as the individual remains retired, he or she is disqualified from receiving temporary total disability indemnity benefits as a result of an injury received from the place of employment from which he or she retired, unless the application for benefits was received prior to his or her retirement. An individual who has retired is also barred from reopening for temporary total disability indemnity benefits an earlier claim filed in connection with an injury received at the place of employment from which he or she retired. This section does not preclude payments of benefits otherwise due a claimant if the retiree has returned to employment and suffers a compensable injury or payment of benefits if the compensable injury causes the individual to retire.

The Office of Judges found that Mr. Walker's deposition testimony shows that he had planned his retirement before the July 9, 2009, injury, based on his testimony that he told Dr. Shaffer, his treating physician, about his planned retirement before the July 9, 2009, injury. The Office of Judges further found that Mr. Walker alleges that he sustained another work-related injury to his lower back on June 25, 2009. However, in a July 8, 2009, treatment note Dr. Shaffer specifically states that Mr. Walker had not sustained a recent injury. Additionally, two affidavits from Maxim Crane Works employees state that Mr. Walker retired on July 29, 2009, and in no way indicated that he was retiring as a result of a work-related injury. The Board of Review agreed with the Office of Judges' reasoning and affirmed its conclusion that the claim was properly closed for temporary total disability benefits because Mr. Walker's retirement was not precipitated by the compensable injury. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous

conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   March 6, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum